On appellant's petition for reconsideration filed July 16, reconsideration allowed; opinion (121 Or App 347, 854 P2d 971) modified and adhered to as modified October 6, petition for review denied December 14, 1993 (318 Or 171)

## STATE OF OREGON,
*Respondent,*

*v.*

## STEVEN MARTIN GORHAM,
*Appellant.*

(91-40636; CA A74086)

859 P2d 1201

Steve P. Chez and Chez & Carp, Eugene, for petition.

Before Rossman, Presiding Judge, and Edmonds and De Muniz, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Defendant petitions for review of our opinion, 121 Or App 347, 854 P2d 971 (1993), in which we affirmed his conviction for unlawfully taking a deer. ORS 496.162; ORS 496.992. We treat the petition as one for reconsideration, ORAP 9.15, allow it, modify our opinion and adhere to it as modified.

Defendant and Midlam were charged with various game offenses arising out of a single incident. Midlam, who was tried first, subpoenaed defendant to testify. In our opinion, we noted that the same lawyer had represented both defendants, and that it was defendant's own lawyer who subpoenaed defendant and elicited incriminating testimony from him at Midlam's trial. In his petition, defendant correctly observes that there is nothing in the record to support that assertion.[1] Accordingly, we delete any reference to joint representation in our previous opinion.

Nonetheless, we still find the court's reasoning in *State v. Hennessey*, 195 Or 355, 245 P2d 875 (1952), to be persuasive. Defendant was not immune from prosecution. The trial court correctly denied his motion to dismiss.

Reconsideration allowed; opinion modified and adhered to as modified.

---

[1] We relied on assertions contained in the state's supplemental statement of facts:

"Both [defendant and Midlam] were represented by the same attorney, who continues to represent defendant on appeal * * *. Pursuant to a subpoena, issued by defense counsel, defendant testified at Midlam's trial that he, defendant, shot the deer."

The state has not responded to defendant's petition and its brief did not cite any portion of the record in support of its assertions. In the light of defendant's petition, we have reexamined the record and are unable to ascertain the basis for the assertions in the state's supplemental statement of facts.